# CIRCUIT COURT OF NELSON COUNTY

Jack Leonard Brougher

v.

Wintergreen Resort, Inc., et al.

October 1, 1998

Case No. 125CL96000028-00

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the motion in limine of the defendant. The defendant has moved the Court to not allow the plaintiff to put into evidence the portion of any medical bills which have been written off, adjusted, or otherwise forgiven by health care providers pursuant to negotiations or contracts with the private health insurance company, or Medicare, furnishing medical benefits to the injured plaintiff. This motion in limine is overruled.

Virginia has steadfastly adhered to the collateral source rule. *Schickling v. Aspinall*, 235 Va. 472, 475 (1988). Under the collateral source rule, compensation or indemnity received by a victim from a source collateral to the tortfeasor may not be applied as a credit against the damages owed by the tortfeasor. The instant case falls within that rule.

The plaintiff incurred medical expenses while being treated by his health care providers. Those expenses were submitted to his private health insurance carrier and to Medicare. By virtue of contracts or negotiations with either the private health insurance carrier or Medicare, portions of the bills were forgiven or written off. This is no less a collateral source than the actual payment of the bill. The Supreme Court of Virginia has held that the plaintiff must actually be liable for the amount in order for the collateral source rule to apply. *Sykes v. Brown*, 156 Va. 881, 887 (1931). Certainly, the plaintiff in the instant case would have been liable had not he purchased medical insurance either through his private insurer or Medicare. It is the purchase of that insurance which

caused the amount of the medical bill to be written off or waived. Had this not occurred, the plaintiff would have been liable for the bill. It is the collateral source which removed the legal obligation of the plaintiff for this bill.

The defendant, in its reply, cites *State Farm Mut. Auto. Ins. Co. v. Bowers*, 255 Va. 581 (1998), for the proposition that expenses paid by Medicare or a private health insurer are not incurred medical expenses under Virginia law. The *Bowers* decision is not applicable to the instant case. *Bowers* interpreted the medical payments provisions of an automobile insurance policy. It does not address the common law collateral source rule in Virginia. Accordingly, *Bowers* is simply not applicable.

I ask that Mr. Garnett prepare an Order which overrules the motion in limine of the defendant.